**Lola D. MOORE, Appellant,**

v.

**Richard HANSON, Collector of Internal Revenue, et al., Appellees.**

No. 20509.

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1964.

Charles R. Wheeler, Ft. Worth, Tex., for appellant.

Myron C. Baum, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., H. Barefoot Sanders, Jr., U. S. Atty., Dallas, Tex., T. Gary Cole, Jr., Asst. U. S. Atty., Ft. Worth, Tex., Meyer Rothwacks, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BROWN, WISDOM and BELL, Circuit Judges.

• JOHN R. BROWN, Circuit Judge.

This is an appeal from the denial of a permanent injunction sought against Hanson, a collection officer in the office of the Director of Internal Revenue, and the Director. Appellant's husband is presently serving a sentence imposed following his conviction on a charge of selling marihuana without payment of the transfer tax. 26 U.S.C.A. § 7237(a). On April 7, 1961, Appellant's husband had assessed against him an excise tax of $1,403.04 under 26 U.S.C.A. § 4741 for selling the same marihuana. Being unable to collect the tax from Appellant's husband, Hanson undertook to collect from Appellant. This suit was brought to restrain Hanson and his superior from carrying out Hanson's announced intention of levying on Appellant's personal earnings as a nurse for the purpose of satisfying the tax. The District Court denied the relief sought.

The case was submitted on stipulated facts. It showed that no tax was ever assessed against the wife, the Plaintiff. But Hanson did notify her representative that " * * * it would be necessary to levy on her salary" if she did not voluntarily pay the assessments against her husband. Of course Plaintiff's suit proceeded as one by a third party, non-taxpayer, seeking judicial relief from efforts to take her property for payment of taxes due by another so that 26 U.S.C.A. § 7421(a) was not directly a bar, cf. Campbell v. Bagley, 5 Cir., 1960, 276 F.2d 28, 33; Maule In-

dustries v. Tomlinson, 5 Cir., 1957, 244 F.2d 897, 899.

The whole case seemed to have been briefed and argued below as it was here on intriguing and troublesome questions of the status of the wife's personal earnings as community property in Texas, the significance, if any, of the husband's imprisonment, amenability of all rather than half of such earnings for the husband's debts, and the like. But the argument revealed circumstances making it unnecessary and unwise to explore those problems or even intimate any opinion on them.

■ The record actually shows that no levy has been made or any of the formalities taken as prescribed in 26 U.S.C.A. §§ 6331, 6332, 6333, 6334, 6335, 6344. All that has taken place is the warning made by a subordinate official that if payment were not forthcoming the Plaintiff's salary as a nurse would be levied on. This proposed—even threatened—action is a long way from an actual levy or the imminence of a levy. For the argument revealed that the Government is conscious of basic policy considerations connected with collection efforts directed against the personal earnings of a married person whose spouse is imprisoned, a fugitive, or the like. One possible consequence, for example, might be to force a wife to become a public charge if earnings from gainful employment were subject to continuous or repeated seizure.

We mention these, not to assay or pass judgment on them. Rather, they demonstrate that what a subordinate collector, even in good faith, asserts will be done, may never come about at all. Executive, administrative policy considerations and decisions may well result in no levy ever being made.

Nothing in this record required a conclusion that had the Plaintiff remained adamant against voluntary payment, the subordinate's threat would have been translated into effective levy by responsible superiors charged with responsibility for weighing policy factors. An injunc-

tion was not therefore needed, and the District Court's denial, though for a different reason, was correct. We do not even remotely imply what the decision should be if the Director persists in, and makes a levy. That case will be for another day on its own record, not this one.

Affirmed.